December 12, 2025

BY ELECTRONIC CASE FILING

Catherine O'Hagan Wolfe
Clerk of Court
U.S. Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

      Re:    *In re London Silver Fixing, Ltd.*, No. 23-929

Dear Ms. O'Hagan Wolfe:

      Pursuant to the Court's November 12, 2025 Order (Dkt. 202), the undersigned Defendants-Appellees (the "Non-Fixing Banks") submit this letter brief to join in the letter submitted by the Fixing Banks and to further address the relevance of *Sonterra Capital Master Fund, Ltd. v. UBS AG*, 152 F.4th 404 (2d Cir. 2025), to the resolution of this appeal as to the Non-Fixing Banks. *Sonterra* reinforces that the District Court correctly dismissed Plaintiffs' Sherman Act, Commodity Exchange Act ("CEA") and state common law claims premised on allegations that the Non-Fixing Banks participated in a conspiracy to manipulate the Silver Fixing—the sole theory of liability advanced against the Non-Fixing Banks on appeal.

      For the reasons set forth in the Fixing Banks' letter brief, *Sonterra*'s "straightforward" holding—affirming dismissal on the grounds that the plaintiffs failed to allege actual injury under the antitrust laws and the CEA—applies here as well and compels dismissal of the claims against all Defendants, including the Non-Fixing Banks. As the Non-Fixing Banks explained in their Response Brief (Resp. Point II & III(A))[1], Plaintiffs do not plausibly allege that the "particular derivative contracts they held" were directly injured by any alleged conduct of the Non-Fixing Banks. *See Sonterra*, 152 F.4th at 411. Rather, Plaintiffs' alleged injury is premised on a series of vague and speculative events untethered to any actual trading by Plaintiffs. (*See* Resp. 39-43, 45-49.) Nowhere do Plaintiffs allege basic information concerning the timing or direction of their trading activity in U.S. futures and options markets on days when Defendants allegedly manipulated the Silver Fixing. Plaintiffs' allegations of antitrust injury failed to satisfy the standards set by this Court's prior precedent, and *Sonterra* reinforces this ground for dismissal.

      In addition, although *Sonterra* did not involve claims against non-rate-setting-banks, the Court's reasoning fortifies an independent ground for affirming dismissal of all claims against the Non-Fixing Banks: that the District Court correctly held that Plaintiffs do not plausibly allege that the Non-Fixing Banks participated in the alleged conspiracy among the Fixing Banks to manipulate the Silver Fixing. (*See* Resp. Point I.) In particular, *Sonterra* highlighted the intrinsic inconsistency between allegations (such as those against the Non-Fixing Banks) of

---

[1] References to the Joint Response Brief For The Non-Fixing Bank Defendants-Appellees, Dkt. 134 (Jan. 31, 2024) are shown as "Resp."

episodic spoofing or other market manipulation resulting in short-term multidirectional price movements and allegations of consistent unidirectional manipulation of a daily benchmark or fixing. *See, e.g.,* 152 F.4th at 411–12. The District Court here highlighted this point to reject Plaintiffs' conclusory allegations attempting to link the Non-Fixing Banks to a purported "comprehensive" scheme to manipulate the Silver Fixing. In addition to other deficiencies in Plaintiffs' thin allegations concerning the Non-Fixing Banks that rendered such claims implausible, the Court concluded that the "profitability" of the alleged "manipulative techniques" employed by the Non-Fixing Banks "is dependent on a reversion in prices, which is inconsistent with a conspiracy persistently to depress silver prices." (SA74–77.)

For the foregoing reasons, and the reasons set forth in their Response Brief and their Rule 28(j) letter (Dkt. 151), the Non-Fixing Banks respectfully submit that the District Court's order granting their motion to dismiss and dismissing the Third Consolidated Amended Class Action Complaint as against them should be affirmed.

Respectfully submitted,

/s/ Richard F. Schwed
Adam S. Hakki
Richard F. Schwed
ALLEN OVERY SHEARMAN STERLING US LLP
599 Lexington Avenue
New York, New York 10022-6069
Tel: (212) 848-4000
adam.hakki@aoshearman.com
rschwed@aoshearman.com

*Attorneys for Bank of America Corporation, Bank of America, N.A., and Merrill Lynch, Pierce, Fenner & Smith Inc. (n/k/a BofA Securities, Inc.)*

/s/ Michael S. Feldberg
Michael S. Feldberg
REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
400 Madison Avenue, Suite 14D
New York, New York 10017
Tel: (212) 381-4970
mfeldberg@reichmanjorgensen.com

/s/ Todd S. Fishman
Todd S. Fishman
K&L GATES LLP
599 Lexington Avenue
New York, New York 10022
Tel: (212) 536-3900
todd.fishman@klgates.com

*Attorneys for Barclays Bank PLC, Barclays Capital Inc. and Barclays Capital Services Ltd. (now known as Barclays Services Ltd.)*

| | |
|---|---|
| */s/ Joshua A. Goldberg* | */s/ Ronald Zdrojeski* |
| Joshua A. Goldberg | Ronald Zdrojeski |
| Jason R. Vitullo | Andrea Gordon |
| PATTERSON BELKNAP WEBB & TYLER LLP | EVERSHEDS SUTHERLAND (US) LLP |
| | The Grace Building |
| 1133 Avenue of the Americas | 1114 Avenue of the Americas |
| New York, New York 10036 | New York, New York 10036 |
| Tel: (212) 336-2000 | Tel: (202) 383-0140 |
| jgoldberg@pbbt.com | ronzdrojeski@eversheds-sutherland.com |
| jvitullo@pbwt.com | andreagordon@eversheds-sutherland.com |
| | |
| *Attorneys for Defendant BNP Paribas Fortis S.A./N.V.* | *Attorneys for Defendant Standard Chartered Bank* |

*/s/ Eric J. Stock*
Eric J. Stock
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Tel: (212) 351-4000
estock@gibsondunn.com

*Attorneys for Defendant UBS AG*

3